NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the matter of | : | Case No. 06-15439/JHW |
| Anita Tucker | : | |
| Debtor | : | **OPINION** |
| _____ : | | |

APPEARANCES:   Bruce H. Williams, Esq.
28 Tanner Street
Haddonfield, New Jersey  08033
Counsel for the Debtor

Heather Lynn Anderson, Esq.
Deputy Attorney General
State of New Jersey
Department of Law and Public Safety
Division of Law
25 Market Street, P.O. Box 106
Trenton, New Jersey  08625-0106
Counsel for Division of Taxation

> **FILED**
>
> JAMES J. WALDRON, CLERK
>
> JANUARY 17, 2007
>
> U.S. BANKRUPTCY COURT
> CAMDEN, N.J.
> BY: _Terry O'Brien, Judicial
> Assistant to Chief Judge Wizmur

The debtor seeks clarification of this court's order directing her to file amended state income tax returns for her 2000, 2001 and 2002 tax years before it will rule on her motion to expunge the proof of claim filed by the New Jersey Division of Taxation.  Debtor's request is being treated as a motion for reconsideration.

**FACTS AND PROCEDURAL HISTORY**

On June 15, 2006, Kenneth and Anita Tucker filed a voluntary joint petition under Chapter 13 of the Bankruptcy Code.  Debtors did not schedule any tax liabilities.  On October 12, 2006, the State of New Jersey, Division of Taxation filed a priority proof of claim in the amount of $1,411.00 against Kenneth Tucker for delinquent income taxes for the years 2003, 2004 and 2005, as well as a general unsecured proof of claim against Mr. Tucker in the amount of $4,931.31 for unpaid income taxes for the tax years 1996 through 2001.  Mr. Tucker apparently failed to file his tax returns for the years in question.  Debtors amended their schedules on August 4, 2006 to reflect the disputed tax claims with a $0 value.  Debtors also moved on August 4, 2006 to voluntarily dismiss Kenneth Tucker from the case.  An order dismissing Kenneth Tucker was entered on August 7, 2006.

On October 27, 2006, the debtor, Anita Tucker, moved to expunge the claim held by the New Jersey Division of Taxation.  The debtor pointed out that the claims asserted by the Division of Taxation were based on Kenneth Tucker's failure to file tax returns.  Because Mr. Tucker was no longer a party in this case, the debtor sought to have the Division's proof of claim expunged and disallowed.

The Division of Taxation objected to the motion, asserting that Anita

Tucker had improperly filed as "head of household" instead of "married filing a

separate return" for the 2000 through 2002 tax years, and that until she files

amended returns the Division cannot determine her correct liability.

In response, the debtor pointed out that the statute of limitations on

assessment had already expired with respect to all three tax years, and that

she shouldn't be required to file amended returns.

This matter was heard in court on December 11, 2006. The Division of

Taxation insisted that the amended returns needed to be filed before they could

withdraw their objection to the motion. The debtor claimed that the difference

in tax liability was negligible and that they were outside of the assessment

period. She also asserted that the tax liability in the proof of claim was not her

responsibility. It was the Division's position that the debtor would be liable for

her spouse's tax liability if he didn't file his tax returns. This court concluded

that for the debtor to continue to utilize the bankruptcy process, she had to file

her proper amended returns. If the result was that there would be no

difference in the tax liability, then the court would enter an order expunging

the tax claims.

On December 18, 2006, counsel for the debtor emailed a letter to the

court seeking clarification of the court's directive.  The debtor reiterated her

belief that she is not liable for her husband's tax returns or his tax liability.

She timely filed her tax returns.  The debtor points out that the Division's proof

of claim is only as to Kenneth Tucker, who is no longer a debtor in the case.  A

proof of claim regarding Anita Tucker's individual liability was never filed.  The

debtor contends that if the Division has a claim against her, it is the Division's

burden to file a proof of claim.  I accepted this letter as an informal motion for

reconsideration.  The Division contends that this motion for reconsideration

should be denied because it fails to satisfy the requirements under Fed.R.Civ.P.

59(e).

**DISCUSSION**

Upon further review, I will grant relief to the debtor.  The debtor's motion

seeks to expunge the proof of claim that was filed against the debtor's

husband, Kenneth Tucker, who is no longer a debtor in this case.  The proof of

claim does not assert any liability against Anita Tucker.  While the Division

does contend that the debtor is liable for her husband's income taxes, they

offer no support for that position.  Anita Tucker filed a separate income tax

return as a head of household.  The Division is seeking to have her amend her

return to file as married, filing a separate return.  Under New Jersey law, if

married taxpayers file separate tax returns, "their income tax liabilities . . .

[are] separate." N.J.S.A. 54A:8-3.1.[1]  Therefore, there does not appear to be

any basis for the Division's claim that Anita Tucker would be generally liable

for her husband's taxes.

The Division insists nonetheless that the debtor be required to amend

her own individual tax returns because she incorrectly filed as a head of

household.  Because she was actually married at the time that the tax returns

were filed, the Division contends that she should have filed as married, filing a

separate return.  The Division asserts that it cannot determine the debtor's

actual liability until the amended returns are filed.  The debtor objects to being

required to file amended returns.  She contends that she did timely file her

returns, that the additional tax, if any, would be negligible, that the Division

has not filed a proof of claim asserting any tax deficiency against her, and that

the time period for tax assessment has run.

---

[1]      N.J.S.A. 54A:8-3.1 provides:

> If the income tax liability of husband and wife is determined on a
> separate return for federal income tax purposes, they shall each
> also file a separate return for New Jersey income tax purposes and
> their income tax liabilities under this act shall be separate.

(Emphasis added).

During the December 11, 2006 hearing, counsel for the Division acknowledged that she was uncertain whether the change in filing status would actually increase the debtor's liability, but she thought it was likely that an increased tax would result from using the different tax scales for a taxpayer who files married, filing a separate return, versus those for a taxpayer filing as a head of household.  The Division claims it cannot determine the actual liability until the amended returns are filed.

It is not contested that the debtor did timely file her state income tax returns.  There is no indication from the Division that anything will need to be changed in the amended returns other than the debtor's filing status.  All of the deductions and other exclusions presumably would still apply.  If so, and accepting that the Division has the debtor's original timely filed returns, there is no reason why the Division could not calculate the change, if any, in the debtor's tax liability.  Based on this calculation, the Division could timely assess a tax deficiency against the debtor and file a proof of claim.

Turning to the state income tax statutes, depending on the taxpayer's taxable income, the tax scales are in fact different for a taxpayer who is filing as a head of household versus one who files as married, filing a separate return.  For example, for a head of household, if the taxable income is over

-6-

$20,000 but not over $50,000, the tax is $280.00 plus 1.75% of the excess over

$20,000.  N.J.S.A. 54A:2-1(a).  For a taxpayer filing married filing a separate

return, there are three separate tax scales between $20,000 and $50,000.

N.J.S.A. 54A:2-1(b).  If the taxable income is over $20,000 but not over

$35,000, the tax is $280.00 plus 1.75% of the excess over $20,000.  If the

taxable income is over $35,000 but not over $40,000, the tax is $542.50 plus

3.5% of the excess over $35,000.  And if the taxable income is over $40,000

but not over $50,000, the tax is $717.50 plus 5.525% of the excess over

$40,000.


    To illustrate the point, let us assume a taxable income of $47,520.00. [2]

Under the New Jersey state income tax statutes, a taxable income of $47,520

would result in a tax of $761.60 ($280.00 plus 1.75% of $27,520 or $481.60)

for a head of household and $1,132.98 ($717.50 plus 5.525% of $7,520 or

$415.48) for a married filing separate taxpayer.  Using the tax scales, it is

apparent that the lower the debtor's taxable income, the less the difference will

be between the two tax filing statutes.  And if the debtor's taxable income is

less than $35,000, there would be no difference between the tax liabilities at

---

[2]     I note on the debtor's Schedule I that she receives a gross monthly
income of $3,960.00, which equals $47,520.00 for the year.  I recognize that
the debtor's taxable income would obviously be less after her various
deductions and exemptions.  I simply chose this number as an example to
show the difference in potential liability.

all.  Because the tax returns in question are not a part of this record, we do not

know what the debtor's taxable income was or the degree of the tax assessment

discrepancy.[3]

The debtor's implied concern here appears to be to allow the Division to

reopen the assessment time period.  See N.J.S.A. 54A:9-4.  In the normal

course where a return is filed, taxes are to be assessed within three years after

the return is filed.  The debtor asserts that we are outside that tax assessment

period, and no basis has been asserted to expand that time period.  Pursuant

to N.J.S.A. 54A:9-4, an income tax can be assessed at any time if no return has

been filed, or if a false or fraudulent return is filed with an intent to evade tax.

However, neither assertion has been made here.  The time period can also be

extended by agreement or for various other reasons, also not raised here.  As a

result, we have no basis to reopen the assessment period.

The proof of claim against Kenneth Tucker will be expunged.  The

Division has made no argument or offered any support for the suggestion that

Anita Tucker would be liable for her husband's tax liability.  There is no

separate claim against the debtor.  The debtor did comply with the requirement

---

[3]       The Division should be able to ascertain if the taxable income was below $35,000 on the debtor's original returns.

to timely file her tax returns. Accordingly, she should be permitted to continue in the Chapter 13 process. If the Division elects to file a new proof of claim at this time, based on the impact of the change in filing status, then we will take up the implications of that proof of claim when they arise.

As to the Division's contention that the reconsideration motion by the debtor is defective, I believe the circumstances present a clear error of law which must be corrected, warranting reconsideration.

Debtor's counsel shall submit an order in conformance herewith.

Dated:   January 17, 2007

_____

JUDITH H. WIZMUR
CHIEF U.S. BANKRUPTCY JUDGE